IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**FORD MOTOR CREDIT COMPANY, LLC**                                **PLAINTIFF**

**V.**                                **CIVIL ACTION NO. 2:11-CV-162-KS-MTP**

**JAMES A. GENTRY, JR., et al.**                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** the Motion for Summary Judgment [37] filed by Plaintiff Ford Motor Credit Company, LLC. The Court will enter a separate judgment according to Rule 58.

### I. BACKGROUND

This is a breach of contract case arising from a series of financing agreements and personal guaranties executed in August 2007. Defendant James A. Gentry, Jr. is a member of Defendant Lamar County Investments, LLC. Lamar County Investments, on behalf of Coggins-Gentry Ford, LLC, entered into a Wholesale Agreement with Plaintiff. Under the Wholesale Agreement, Plaintiff financed Coggins-Gentry's purchase of new and used vehicles for resale, and Coggins-Gentry agreed to repay Plaintiff from the proceeds of any sales. The Wholesale Agreement defined a default as, among other things, Coggins-Gentry's failure "to promptly pay any amount now or hereafter owing to Ford Credit as and when the same shall become due and payable" or "to duly observe or perform any other obligation secured" by the agreement. The agreement also provided an interest rate of "4 percentage points higher than the

current pre-default rate."

On the same day, Coggins-Gentry and Plaintiff executed a Security Agreement, in which Coggins-Gentry granted Plaintiff a security interest in a wide variety of property, including accounts, instruments, equipment, and other tangible and intangible goods. In the event of Coggins-Gentry's default on the Wholesale Agreement, Plaintiff was entitled to take possession of the collateral and sell it.

Coggins-Gentry and Plaintiff also executed a Capital Loan Agreement, in which Plaintiff loaned Coggins-Gentry $450,000.00. Coggins-Gentry agreed to repay the loan plus interest at the rate of 3% per annum above Prime in 59 monthly payments. The Capital Loan Agreement defined a default as, among other things, failure to make a payment on the loan, or a default on any of the other contracts executed by the parties. In the event of a default, the Capital Loan Agreement increased the applicable interest rate to 6% per annum above Prime.

Defendants executed a Continuing Guaranty, in which they unconditionally guaranteed that Coggins-Gentry would fulfill all of its obligations under the Wholesale Agreement, Security Agreement, and Capital Loan Agreement. They agreed that, in the event of Coggins-Gentry's default, they would pay on demand all sums owed to Plaintiff, plus all costs and attorney's fees incurred by Plaintiff because of the default.

Finally, Defendants also executed a Capital Loan Guaranty, in which they unconditionally guaranteed that Coggins-Gentry would timely pay the debt incurred under the Capital Loan Agreement. Again, they agreed that Plaintiff was entitled to proceed against them for payment of Coggins-Gentry's indebtedness.

In August 2008, Coggins-Gentry sold vehicles out of trust. That is, it sold vehicles in which Plaintiff possessed a security interest without remitting payment to Plaintiff or holding the proceeds in trust as required by the Wholesale Agreement. Plaintiff declared a default and liquidated Coggins-Gentry's collateral. A deficiency remained, and Plaintiff filed this action to enforce the personal guaranties.

## II. DISCUSSION

### A. *Breach of Contract Analysis*

"[A] plaintiff asserting any breach-of-contract claim has the burden to prove, by a preponderance of the evidence: 1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it . . . ." *Business Communs., Inc. v. Banks*, 90 So. 3d 1221, 1225 (Miss. 2012).

Plaintiff presented undisputed evidence that it entered into two valid and binding personal contracts with Defendants – the Continuing Guaranty [1-3] and the Capital Loan Guaranty [1-6]. According to the terms of those contracts, Defendants personally guaranteed that Coggins-Gentry would fulfill its obligations under the Wholesale Agreement, Security Agreement, and Capital Loan Agreement. In the event of Coggins-Gentry's default, Defendants agreed to pay on demand all sums owed to Plaintiff, plus the costs and attorney's fees caused by the default.

Plaintiff presented undisputed evidence that Coggins-Gentry defaulted on its obligations under all three contracts [37-1, 37-2], triggering Defendants' obligations under the guaranties. Plaintiff also presented undisputed evidence [37-1, 37-2] that it demanded payment of Coggins-Gentry's deficiency, but Defendants failed to comply.

3

Therefore, the Court holds that Defendants breached the Continuing Guaranty [1-3] and Capital Loan Guaranty [1-6].

### B. *Damages*

Plaintiff presented undisputed evidence [37-1, 37-2] of its contractual damages. According to the evidence and terms of the contract, Defendants' total contractual indebtedness, as of June 14, 2013, is $1,455,735.78. Plaintiff also presented evidence that it has incurred $22,261.31 in attorney's fees and costs in pursuing this action and otherwise enforcing the financing agreements and guaranties. Therefore, Plaintiff's total damages are $1,477,997.09.

### III. CONCLUSION

For the reasons stated above, the Court **grants** Plaintiff's Motion for Summary Judgment [37]. The Court will enter a separate judgment in accordance with Rule 58.

SO ORDERED AND ADJUDGED this 8th day of July, 2013.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE